UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **LARRY PEAIRS, ET AL.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 20-652-SDD-RLB** |
| **STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY** | |

## ORDER

Before the Court is Plaintiffs' Motion to Compel filed on November 4, 2021. (R. Doc. 30). The motion is opposed. (R. Doc. 35). Plaintiffs filed a Reply. (R. Doc. 40). Defendant filed a Surreply. (R. Doc. 41).

On October 19, 2020, Larry and Patricia Peairs (collectively, "Plaintiffs") served Interrogatories and Requests for Production of Documents on State Farm Mutual Automobile Insurance Company ("Defendant"). (R. Doc. 30-2). Defendant provided responses on November 24, 2020. (R. Doc. 30-3).

According to Plaintiffs, on October 5, 2021, counsel for the parties held a telephone conference in which it was agreed that the parties would "review and, if necessary, amend or supplement their respective client's discovery responses." (R. Doc. 30-1 at 4). Plaintiffs further assert that the parties agreed that the telephone conference would satisfy the requirement that the parties confer in good faith under Rule 37(a) of the Federal Rules of Civil Procedure. (R. Doc. 30-1 at 5; *see* R. Doc. 30 at 2).

On October 8, 2021, Plaintiffs' counsel sent a letter to defense counsel specifically arguing that Defendant's objections to Interrogatory Nos. 10 and 11, and Requests for Production Nos. 16, 17, and 18 were improper, and requested supplemental responses by October 15, 2021. (R. Doc. 30-1 at 5). These discovery requests seek information pertaining to

claims handlers, the valuation of Defendant's unconditional tenders, and the production of the claims and underwriting files. (*See* R. Doc. 30-2 at 3-4, 8-9). Among other things, Defendant objected to these discovery requests on the basis of the attorney-client privilege but did not produce any privilege log. (*See* R. Doc. 30-3 at 6, 14-16).

On October 15, 2021, defense counsel responded that the discovery requests at issue did not become "ripe" until Plaintiffs amended their complaint to assert bad faith allegations on August 17, 2021. (R. Doc. 30-5). Plaintiffs' counsel agreed to extend the deadline to provide supplemental responses to November 1, 2021. (R. Doc. 30-6). Defendant did not, however, provide the supplemental responses and a privilege log by that date. (R. Doc. 30-1 at 6).

On November 4, 2021, Plaintiffs filed the instant Motion to Compel seeking an order requiring Defendant to provide supplemental responses as requested, and awarding the costs and expenses incurred in bringing the motion. (R. Doc. 30).

On November 24, 2021, the day before the deadline to oppose the instant Motion to Compel, Defendant filed an opposition seeking denial of the motion as moot because it provided the supplemental responses and privilege log sought that same day. (R. Doc. 35; *see* R. Doc. 35-2).

Given the record, the Court will grant the instant Motion to Compel. There is no dispute that Plaintiffs were entitled to supplemental responses to the foregoing discovery requests. That Defendant complied with its duties to provide supplemental responses when faced with a Motion to Compel does not render the motion moot. Indeed, recovery of expenses may be available where discovery is provided after the filing of a motion to compel. *See* Fed. R. Civ. P. 37(a)(5)(A). The Court finds such an award is merited in this case. Defendant provides no explanation why it did not provide the supplemental responses on November 1, 2021, or

otherwise sought to confer with Plaintiffs with respect to the timing of its supplemental responses. Instead, Defendant waited until the day before the deadline to oppose the instant motion to provide the supplemental responses.

In reply, Plaintiffs challenge the sufficiency and timing of the privilege log and seeks an order finding that the attorney-client privilege has been waived. The Court will not issue such an order in response to arguments raised in the reply brief. While this Court has found that a party may waive certain objections where it fails to timely respond to written discovery requests, the Court will not generally find that such a party has waived objections pertaining to any applicable privileges or immunities. *See In re United States*, 864 F.2d 1153, 1156 (5th Cir. 1989) ("[A]s a general rule, when a party fails to object timely to interrogatories, production requests, or other discovery efforts, objections thereto are waived."); *B&S Equip. Co. v. Truckle Servs., Inc.*, No. 09-3862, 2011 WL 2637289, at *6 (E.D. La. July 6, 2011) (finding waiver of all objections to "discovery requests based on relevance, unduly burdensome, over broad, or any other objection not grounded on the attorney client or the work product privilege.").

Plaintiffs will have the opportunity to file an appropriate motion with respect to Defendant's claims of privilege prior to the close of discovery on December 17, 2021. Prior to filing any discovery pertaining to the privilege log, the parties must confer in good faith to resolve the issues without court action. *See* Fed. R. Civ. P. 37(a)(1); Fed. R. Civ. P. 26(a)(1). The Court makes no substantive ruling on the sufficiency of the privilege log or assertions of attorney-client privilege at this time.[1]

---

[1] "When a party withholds information otherwise discoverable by claiming that the information is privileged or subject to protection as trial-preparation material, the party must: (i) expressly make the claim; and (ii) describe the nature of the documents, communications, or tangible things not produced or disclosed--and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim." Fed. R. Civ. P. 26(b)(5)(A). Blanket assertions of a privilege are unacceptable, and the court and other parties must be able to test the merits of a privilege claim. *United States v. El Paso Co.*, 682 F.2d 530, 541 (5th Cir. 1982) (citing *United States v. Davis*, 636 F.2d 1028, 1044 n. 20 (5th Cir. 1981)). In addition, this Court's Local Rule 26(c) provides the

The Court will also not grant Defendant's request, in surreply, to stay the ruling on the instant Motion to Compel pending an "upcoming mediation" on an unspecified date. Of course, the parties are encouraged to seek resolution of their claims.

For the foregoing reasons,

**IT IS ORDERED** that Plaintiffs' Motion to Compel (R. Doc. 30) is **GRANTED**. No further action is required by Defendant with the exception of the award of fees and costs discussed below.

**IT IS FURTHER ORDERED** that Plaintiffs are entitled to an award of the reasonable attorney's fees and costs that it incurred in bringing this Motion to Compel, and that Defendant shall be responsible for such payment. In connection with this award, the parties are to do the following:

(1) If the parties are able to resolve this among themselves or otherwise agree to a reasonable amount of attorney's fees and costs,[2] Defendant shall pay that amount;

(2) If the parties do <u>not</u> agree to a resolution, Plaintiffs may, within **14 days** of the docketing of this Order, file a Motion for Fees and Costs pursuant to Rule 37, setting forth the reasonable amount of costs and attorney's fees (including evidentiary support) incurred in obtaining this Order; and

---

following: "A party withholding information claimed privileged or otherwise protected must submit a privilege log that contains at least the following information: name of the document, electronically stored information, or tangible things; description of the document, electronically stored information, or tangible thing, which description must include each requisite element of the privilege or protection asserted; date; author(s); recipient(s); and nature of the privilege." LR 26(c); *see also Cashman Equip. Corp. v. Rozel Operating Co.*, No. 08-363, 2009 WL 2487984, at *2 (M.D. La. Aug. 11, 2009) ("[A] privilege log . . . should not only identify the date, the author, and all recipients of each document listed therein, but should also describe the document's subject matter, the purpose for its production, and a specific explanation of why the document is privileged or immune from discovery.") (quoting *Peacock v. Merrill*, No. 08-01, 2008 WL 687195, at *3 (M.D. La. Mar. 10, 2008)).

[2] This Court has previously found that a relatively modest award was reasonable under similar circumstances. *See Talley v. State Farm Mutual Automobile Ins. Co.*, No. 16-406, ECF No. 15 (M.D. La. Dec. 9, 2016) ($250 award). The Court also recognizes that a reasonable award under Rule 37 may be less than the actual fees incurred.

(3) Defendant shall, within 7 days of the filing of Plaintiffs' Motion, file any opposition pertaining to the imposition of the amounts requested by Plaintiffs.

Signed in Baton Rouge, Louisiana, on December 7, 2021.

_____
**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**